### T. B. HUNT *v.* THE STATE.

1. **PLEA — TRANSCRIPT.** — The plea of not guilty to an indictment or information must either be made by the defendant himself, or, if he stands mute, be entered for him on the minutes of the court below; and, on appeal, the transcript sent to this court must affirmatively show the entry of the plea.

2. **FILE-MARKS — TRANSCRIPT.** — It must be shown by the transcript sent to this court that the charge of the court below to the jury, and every other paper transcribed, had been filed in the court below; and the date on which each of such papers was filed should also be shown.

APPEAL from the County Court of Lamar. Tried below before the Hon. S. C. BRYSON, County Judge.

The charge was aggravated assault and battery. The jury found the appellant guilty, and assessed against him a fine of $100.

*Long & Bonner*, for the appellant.

*H. H. Boone*, Attorney-General, for the State.

ECTOR, P. J. The record does not disclose the fact that the defendant pleaded to the bill of indictment, or that, having failed or refused to do so, a plea of not guilty was entered on the minutes of the court.

Article 473 of the Code of Criminal Procedure (Pasc. Dig., art. 2942) provides that "if the defendant answer that he is not guilty, the same shall be entered on the minutes of the court; if he refuse to answer, the plea of not guilty shall, in like manner, be entered."

Article 2947 provides that "the plea of not guilty shall, in every criminal action, be entered where the defendant refuses to answer," etc. This court has held these statutes to be mandatory; that the plea must be entered, and not only entered, but be affirmatively shown in the record. *Stacy* v. *The State*, 3 Texas Ct. App. 121.

Because there is nothing in the transcript to show that the law in this respect was complied with, the judgment must be reversed.

What purports to be the charge of the court, and incorporated into the record, appears never to have been filed by the clerk of the court. The transcript should show that every paper copied into the record had been filed, and the date of its filing. *Parchman* v. *The State*, 3 Texas Ct. App. 225; *Haynie* v. *The State*, 3 Texas Ct. App. 223; *Krebs* v. *The State*, 3 Texas Ct. App. 348.

The judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*